UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANSOUR HEIDARI,                 )  CASE NO.: C07-2016-MJP
                                 )
        Petitioner,               )
                                 )
        v.                        )  REPORT AND RECOMMENDATION
                                 )
DAN PACHOLKE,                    )
                                 )
        Respondent.               )
_____)

## INTRODUCTION

Petitioner Mansour Heidari is a Washington state prisoner who is currently serving a 162-month sentence for rape of a child in the first degree and related charges. Through counsel, petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer, to which petitioner has not filed a response. After considering the parties' submissions and the balance of the record, the Court recommends that the petition be denied with prejudice.

## BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> In 2001, several months after turning fifteen years old, B.Z. confided

REPORT AND RECOMMENDATION
PAGE -1

in her cousin, S.N., while visiting her at her home in Vancouver, Canada, that she had been sexually abused. A few months later, B.Z. also confided in S.N.'s mother, H.D.K. H.D.K. informed B.Z.'s mother. B.Z. later related the incidents of abuse to her mother. B.Z.'s mother promptly sought help for her daughter and notified the police. Based on the allegations against him, Heidari was charged with two counts of rape of a child in the first degree, two counts of child molestation in the first degree, and one count of child molestation in the third degree.

B.Z. alleged that Heidari first sexually abused her when she nine or ten years old and in the fourth grade. Heidari next sexually abused her when she was in the fifth grade, an incident that formed the basis for Count I, rape of a child in the first degree. B.Z. also testified about two incidents of sexual abuse when she was in the sixth grade. Those incidents form the basis for Count III and Count IV. Count V is based on an incident of sexual abuse that occurred when B.Z. was in the ninth grade, two to three months before B.Z.'s disclosure of abuse to her cousin, and five to six months before her disclosure to her aunt and mother.

Prior to trial, the state moved to allow fact of complaint testimony from S.N., H.D.K., and B.Z.'s mother. Following Heidari's initial objection, the trial court did not allow the testimony. Later, however, the trial court allowed fact of complaint testimony from all three witnesses.

Count I, rape of a child in the first degree, was alleged to have occurred in the bedroom of Heidari's brother, Mohsen Zadegan, (Mohsen) in Heidari's home. During Heidari's case-in-chief, Heidari's wife testified that Mohsen's door was always locked and that Mohsen had the key. In rebuttal, B.Z.'s father, Mohamed Zadegan, testified that there was no lock on Mohsen's door. Defense counsel requested surrebuttal to call Mohsen to testify that his door did have a lock and that he did not allow anyone into his room. The trial court denied the request, telling defense counsel that Mohsen should have been called during its case-in-chief.

B.Z. testified that the incidents of abuse upon which Counts III and IV were based occurred when she was in the sixth grade. B.Z. could not recall when in the sixth grade the incidents occurred, and thus did not recall if she was eleven or twelve years old at the time. Observing that RCW 9A.44.083, child molestation in the first degree, requires that the victim be less than twelve years old, the trial court ruled that as a matter of law there was insufficient evidence for the jury to find that B.Z. was less than twelve years old at the time of the offense. The trial court therefore submitted to the jury only an instruction on the lesser offense of child molestation in the second

REPORT AND RECOMMENDATION
PAGE -2

degree. The trial court also deviated from the WPIC jury instructions by omitting the 'at least twelve' language from the instructions provided to the jury.

Prior to the verdict, Heidari filed a motion for mistrial, which the trial court denied. The trial court also denied Heidari's post-verdict motion for a new trial.

*State of Washington v. Mansour Heidari*, Unpublished opinion (Wash. Ct. App. January 18, 2005) (footnotes omitted) (Doc. No. 12, Ex. 2 at 1-3).

Petitioner appealed to the Washington Court of Appeals. The court affirmed petitioner's conviction in an unpublished opinion. (Doc. No. 12, Ex. 2). Petitioner sought discretionary review with the Washington Supreme Court. (*Id.*, Ex. 6). The Washington Supreme Court denied review, concluding petitioner's direct appeal. (Dkt. No. 7).

Turning to the means provided by Washington State for collateral review, petitioner filed a personal restraint petition ("PRP") with the Washington Court of Appeals. (*Id.*, Ex. 9). The court dismissed the PRP. (*Id.*, Ex. 12). Petitioner moved for discretionary review of the dismissal by the Washington Supreme Court and the Commissioner of that court denied the motion. (*Id.*, Ex. 14). Petitioner moved to modify the Commissioner's ruling and the Washington Supreme Court denied the motion. (*Id.*, Ex. 16).

Turning to federal court, petitioner filed the instant petition for a writ of habeas corpus on December 19, 2007. (Dkt. No. 1). After receiving an extension of time, respondent filed an answer, along with the state court record, on March 6, 2008. (Dkt. No. 9). Petitioner has not filed a response to the answer and the matter is now ready for review.

<u>GROUNDS FOR RELIEF</u>

Petitioner sets forth the following three grounds for relief in his habeas petition:

REPORT AND RECOMMENDATION
PAGE -3

1. Heidari was denied his federal constitutional right to a fair trial when the prosecutor argued facts in closing that she knew were not true. . . .

2. Heidari was denied his federal constitutional right to a fair trial when the prosecutor argued her personal opinion in closing argument. . . .

3. Heidari was denied his sixth amendment right to the effective assistance of counsel on appeal and at trial when his counsel failed to properly raise and argue the claim of prosecutorial misconduct. . . .

(Dkt. No. 1 at 6-9).

The Court will address each ground for relief in turn.

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)

In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth Circuit which had equated the term with the phrase "clear error." The Supreme Court explained:

> These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous." . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable.

538 U.S. at 68-69 (citations omitted).

Thus, the Supreme Court has directed lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state courts. A state court's decision may be overturned only if the application is "objectively unreasonable." 538 U.S. at 69.

<u>Petitioner's first claim: prosecutorial misconduct based upon "false facts"</u>

In his first ground for relief, petitioner claims that the prosecutor referred in closing argument to facts that she knew were untrue. (Dkt. No. 1, Appendix at 1). This claim concerns an evidentiary issue that the trial court resolved in favor of the prosecution. Petitioner was accused of raping a child in his brother's room in a house that they apparently shared. In petitioner's case-in-chief, petitioner's wife testified that the door to the brother's room was always locked and that the brother had the key. (Doc. No. 12, Ex. 2 at 2). In response, the victim's father testified that the door was unlocked. (*Id.*) Petitioner requested to call the brother in surrebuttal to testify that the door was locked but the request was denied by the trial court.

Despite having opposed introduction of the brother's testimony at trial, the prosecutor

REPORT AND RECOMMENDATION
PAGE -5

01 argued in closing that petitioner's theory about the door being locked was weak because petitioner
02 had failed to have his brother testify about the existence of the lock. (Dkt. No. 12, Ex. 21 at 659-
03 60). Petitioner contends that the prosecutor's comments during closing were improper because
04 the prosecutor knew that petitioner had wanted his brother to testify but had been prevented by
05 the court.

06 In order to establish prosecutorial misconduct, petitioner must show that a prosecutor
07 made comments that "so infected the trial with unfairness as to make the resulting conviction a
08 denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Habeas relief is
09 available based on a claim of prosecutorial misconduct only where the comments had a substantial
10 and injurious effect on the jury's verdict. *See Burks v. Borg*, 27 F.3d 1424, 1431 (9th Cir. 1994).

11 The Commissioner of the Washington Supreme Court found, in reviewing this claim, that
12 although the prosecutor's comment was improper, "the improper comment could have been cured
13 by an instruction to disregard it." (Dkt. No. 12, Ex. 14 at 2). Furthermore, the state court found
14 that due to petitioner's failure to show that the brother would have testified that the door was
15 locked at the relevant time, and in light of the strong evidence against petitioner, any effect on the
16 verdict was speculative. (*Id.*)

17 This Court agrees with the state court that the comment was improper. In addition, the
18 Court finds that the state court's view that the effect of the comment was minimal cannot be
19 considered "objectively unreasonable." Before pronouncing sentence, the trial court referred to
20 the weight of the evidence against petitioner as "very, very strong." (*Id.*, Ex. 21 at 687). It is not
21 the province of a federal habeas court to replace the judgment of a state trial court with its own
22 judgment. Accordingly, the Court finds that petitioner's first claim of prosecutorial misconduct

REPORT AND RECOMMENDATION
PAGE -6

fails to meet the standard for relief in habeas actions and should therefore be denied.

<u>Petitioner's second claim: prosecutorial misconduct based upon personal opinion</u>

In his second ground for relief, petitioner contends that the prosecutor improperly referred to her own personal experience during her closing argument. Specifically, the prosecutor stated as follows:

> I have never had a case where somebody can't bring in character witnesses to testify on their behalf because you don't do these kinds of acts in front of other people, and you don't tell other people about what you did. You pick on a child. You pick on somebody who is not going to know how to handle the situation. You went for your moment or opportunity you get them alone, and you commit your crime. . . .
>
> [The victim] has no motive to lie. And in regards to that, I want to go back to a couple of arguments regarding this case. It is a credibility call. Plain and simple, your job in this case is to decide if you believe [the victim], because in our state, based upon our law, if you believe her, that is enough to support conviction of this man. . . .
>
> I want to tell you, there has never been a case where a child is removed from the home, no matter how bad their body is bruised, no matter how bad they have been sexually abused.

(Dkt. No. 12, Ex. 2 at 14-15).

The state court, in reviewing this claim on direct appeal, found these comments improper. Again, however, the court found that any prejudice was not substantial because the trial court had sustained petitioner's objection to the comments when they were made, and had instructed the jury to disregard the comments. (*Id*. at 15). The court further found that the trial court had seriously considered the prejudicial effect of the comments in ruling on petitioner's motion for a new trial and had concluded that any prejudice was outweighed by evidence of guilt. As the trial court observed, "[t]here was substantial evidence that was presented in this case; there was substantial circumstantial corroboration of the State's case, in terms of the nature of the alleged victim's

REPORT AND RECOMMENDATION
PAGE -7

testimony . . . ." (*Id.* at 15-16). Consequently, the trial court held, and the state appellate affirmed, that the prosecutor's comments were insufficiently prejudicial to warrant a new trial.

In light of the trial court's finding that the evidence against petitioner was "substantial," this Court finds that the state court's corollary finding of insufficient prejudice is not "objectively unreasonable." Consequently, petitioner's second claim of prosecutorial misconduct fails to meet the standard for relief in habeas actions and should be denied.

<u>Petitioner's third claim: ineffective assistance of counsel</u>

In his third ground for relief, petitioner contends that he was denied effective assistance of counsel when his trial counsel failed to object to the first instance of prosecutorial misconduct discussed above and his appellate counsel failed to raise the issue on appeal.

Claims of ineffectiveness of counsel are reviewed according to the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In order to prevail, petitioner must establish two elements: First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In addressing these two prongs, the Supreme Court has counseled that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose

REPORT AND RECOMMENDATION
PAGE -8

of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Here, the Court need address only the "prejudice" prong of the *Strickland* standard. As discussed above, the prosecutorial misconduct in question – the misleading reference to petitioner's failure to call his brother as a witness – was considered by the state court to be substantially outweighed by the "very, very strong" evidence against petitioner. (*Id.*, Ex. 21 at 687). Accordingly, this instance of prosecutorial misconduct cannot constitute "prejudice" under the *Strickland* standard, and petitioner's claim of ineffective assistance should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be denied with prejudice. A proposed Order reflecting this recommendation is attached.

DATED this 22nd day of April, 2008.

Mary Alice Theiler
United States Magistrate Judge